◼ In the Matter of ELSE BENDTSON, as Administratrix of the Estate of BEN BENDTSON, Deceased, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78

(transferred to this court by order of the Supreme Court, entered in Schoharie County) to review a determination of respondent State Department of Social Services which denied Medicaid benefits to decedent.

We are called upon to review a determination of respondent State Department of Social Services (hereinafter respondent) which affirmed a decision of respondent Schoharie County Department of Social Services (hereinafter the local agency) denying an application for medical assistance by Ben Bendtson (hereinafter decedent) because his nonexempt resources exceeded the medical assistance resource limitation. The issue distills to whether funds that decedent used from a joint account to purchase a new automobile and pay for house repairs on the marital residence were for his sole purposes, thereby entitling the other joint owner of the account, petitioner, to recoup such sum of money withdrawn which exceeded decedent's interest in the account. Respondent determined that the expenditures were for the mutual benefit of both decedent and petitioner and it considered that the $9,798.97 recoupment by petitioner out of joint funds was made for the purpose of enabling decedent to qualify for Medicaid benefits.[1]

Decedent, who was 84 years of age when he applied for assistance on July 7, 1987, had been hospitalized from May 26, 1987 until his death on April 4, 1988. In this CPLR article 78 proceeding, petitioner, decedent's widow and administratrix, alleges that respondent's determination was arbitrary, capricious and unlawful because, in determining decedent's available resources, Banking Law § 675 (b) requires respondent to incorporate into its calculations the significant withdrawals by decedent from the joint account for the automobile and house repairs prior to the application for assistance and prior to expenditures for medical expenses. We disagree. For purposes of determining decedent's Medicaid eligibility, the local agency analyzed his assets as of a "snap-shot" date of April 29, 1987, just prior to his illness, resulting in a "spend-down" to Medicaid resource levels.[2] At dispute are the sums paid to

1. On February 14, 1988, after a fair hearing, respondent reversed the initial determination by the local agency made August 19, 1987 which denied decedent's application for medical assistance. The decision held that there was no evidence of an uncompensated transfer and directed the local agency to redetermine decedent's resource eligibility by ascertaining the exact balances in all joint accounts prior to the time withdrawals began for payment for medical care.

2. A spend-down occurs when an individual who is financially ineligible

petitioner after the snap-shot date in an alleged repayment of the withdrawals by decedent for the car purchase and home repairs.

Petitioner has the burden of proof to establish eligibility for Medicaid benefits (see, Matter of Deck v New York State Dept. of Social Servs., 151 AD2d 807, 808) and, as a joint owner, bears the burden of rebutting the presumptive one-half ownership of the joint bank accounts (see, Banking Law § 675). Here, the record is not sufficient to meet that burden of proof or rebut the presumption and, in fact, supports a conclusion that the funds allegedly being repaid to petitioner were for joint marital expenditures in the first instance. The vehicle invoice demonstrates that the car was sold to decedent and petitioner. The bank check used to pay for the car was made out to petitioner and Van Dyke Motors, and petitioner paid for rust proofing by signing a check drawn on a joint account. The house upon which improvements were made was in the joint names of petitioner and decedent and the improvements were paid for out of their joint account. Accordingly, since the fair hearing decision is supported by substantial evidence and is not affected by an error of law, it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.

---

for medical assistance incurs large medical expenses and is required to spend resources as a private pay patient until the resources reach the Medicaid eligible levels. The expenditure of resources is not limited to medical bills, but the applicant must receive fair value equivalent to the amount paid. Assets may not be given away.