■ In the Matter of RITA CARTER, Petitioner, v RUTH BRANDWEIN, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 6, 1989, which, after a fair hearing, affirmed a decision of the local agency denying the petitioner's application for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In the determination under review, the respondent Commissioner concluded that the local social services agency properly discontinued the petitioner's medical assistance "because [the petitioner's] resources, including the uncompensated value of resources transferred within twenty-four months prior to the date of application, exceeded the resource limitation". The respondent Commissioner agreed with the agency's finding that the petitioner had failed to meet her burden of proving that the transfer of resources in question was "exclusively for some * * * purpose [other than to qualify for medical assistance]" (Social Services Law § 366 [5] [b] [2]).

At the hearing held before the local agency, there was evidence indicating that the petitioner's son arranged for the transfer of certain funds from his mother to himself and his wife in order "to ease [his] mother's financial responsibility as she was getting confused". This, and other evidence, tended to support the conclusion that, at the time of the transfer, the petitioner did not intend to make an outright gift of this money, but instead intended to relieve herself of the burdens connected with its management, and that she fully expected that her son and daughter-in-law would make that money available to her as needed. Under the circumstances, we conclude that there is support in the record for the Commissioner's determination that the petitioner failed to rebut the presumption that the transfer of funds was motivated, in part if not in whole, by her anticipation of a future need to qualify for medical assistance (see, Matter of Mitsch v Perales, 114 AD2d 369; cf., Matter of Albert v Perales, 156 AD2d 619; Matter of Prezioso v Amrhein, 154 AD2d 468). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.