■ In the Matter of MAY DeNoTo, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [641

NYS2d 685] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Michael Dowling, Commissioner of the New York State Department of Social Services, dated June 17, 1994, which, after a hearing, *inter alia,* found that the respondent John Wingate, Commissioner of the Suffolk County Department of Social Services, had correctly determined that the petitioner was ineligible for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

Since April 27, 1992, the petitioner, who suffers from Huntington's Disease, has been an in-patient at a nursing home. Two weeks prior to the petitioner's entry into the nursing home, her husband was admitted to a hospital and diagnosed with a terminal illness, and on May 13, 1992, he died. During a period of eight days before the death of the petitioner's husband, her son, with a general power of attorney signed by the petitioner, transferred funds from an account the petitioner held jointly with her husband to an account in the name of her son and her husband alone. A piece of real property which the petitioner had owned with her husband was also transferred to her son and her husband.

On January 21, 1993, the petitioner applied for medical assistance for the payment of her nursing-home bills. Because the transfers were made within a 30-month period prior to the petitioner applying for medical assistance and for less than fair market value, the respondent John Wingate, Commissioner of the Suffolk County Department of Social Services, determined that the petitioner was ineligible for assistance for a period of 28 months. That determination was upheld after a fair hearing, although the ineligibility period was modified to 25.2 months. The petitioner instituted this proceeding pursuant to CPLR article 78, *inter alia,* to annul the determination of the Commissioner.

The petitioner contends that the Commissioner erred in finding that (1) the newly-created account at the Southold Savings Bank was a joint bank account, and (2) one-half of the value of the New York real estate transferred to her husband and her son was to be included in determining the value of the resources transferred.

We reject the petitioner's contentions because there was sufficient evidence in the record at the fair hearing to show that the transfers of the money and real estate to her husband and her son were not for the sole benefit of her husband and were made for the purpose of qualifying for medical assistance (*see,*

Social Services Law § 366 [5] [c] [3] [iii]; *see also, Matter of Farrell v Perales,* 194 AD2d 670; *Matter of Fili v Perales,* 188 AD2d 600).

The petitioner's remaining arguments are without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.