■ In the Matter of LOUIS DE SANTIS, Petitioner, v BRIAN J. WING, as Commissioner of New York Office of Temporary and

Disability Assistance, et al., Respondents. [734 NYS2d 774] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul the determination denying him medical assistance benefits on the ground that he and his wife had transferred four parcels of real property to their sons without consideration and imposing a penalty period upon his receipt of Medicaid benefits based on that transfer (see, 18 NYCRR 360-4.4 [c] [1] [i]). According to petitioner's wife, she and petitioner had transferred the retail appliance business located on the real property to their sons in 1985 but retained ownership of the real property because of an outstanding mortgage. The mortgage and taxes were paid by the business until the mortgage was paid in full in 1995. Petitioner was in good health in 1997 when the real property was transferred but suffered a stroke in March 1999, requiring his admission to a skilled nursing facility. Thereafter, petitioner's wife applied for Medicaid benefits on behalf of petitioner. A penalty period of 51.01 months was imposed based upon the determination that the total fair market value of the four parcels of real property was $237,555. Petitioner sought administrative review and at the fair hearing specifically limited the issue for consideration by the Administrative Law Judge to the fair market value of the four parcels of real property. Both petitioner and the Onondaga County Department of Social Services (DSS) submitted appraisals for the parcels. Petitioner's appraiser utilized the sales comparison approach and concluded that the total fair market value of the four parcels was $112,500. The appraiser for DSS utilized the sales comparison and income capitalization approaches and concluded that the total fair market value of the four parcels was $224,000. Respondent Commissioner of the New York State Department of Health (Commissioner) credited the report of the appraiser for DSS and reduced the penalty period to 48.09 months. Thereafter, DSS advised petitioner that the penalty period had been recalculated using a monthly regional rate of $4,944 and the penalty period was further reduced to 45.30 months.

The present contentions of petitioner that the transfer of real property was exempt from the penalty period because the transfer was made for valuable consideration and that the transfer was not made for the purpose of qualifying for medical assistance benefits were not raised at the fair hearing. "The scope of a CPLR article 78 proceeding, following an administrative hearing, is limited to review of the issues raised and addressed in that hearing" (*Matter of International Fid. Ins. Co. v Hartnett,* 199 AD2d 1084). Thus, the only issue properly before

us is the propriety of the Commissioner's determination with respect to the fair market value of the real property that was transferred, and we conclude that the Commissioner's determination is supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, McCarthy, J.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.