■ In the Matter of FOUNTAINVIEW AT COLLEGE ROAD, INC., Respondent, v JO ANNE SOULES et al., Appellants, et al., Respondents. [738 NYS2d 586] —On the Court's own motion, it is ordered that its unpublished decision and order in the above-entitled proceeding dated January 22, 2002, is recalled and vacated. Smith, J.P., O'Brien, Luciano and Crane, JJ., concur.

■ In the Matter of STEPHEN JAVELINE, Petitioner, v DENNIS WHALEN, as Commissioner of the New York State Department of Health, Respondent. [738 NYS2d 370] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Dennis Whalen, as Commissioner of the New York State Department of Health, dated March 11, 2000, made after a hearing, which found that the deceased was ineligible for medical assistance for a period of 6.803 months because she had transferred assets to the petitioner for less than fair market value within the previous 36 months before applying for assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The deceased, Shirley Javeline, transferred three certificates of deposit worth a total of $70,000, constituting virtually all of her assets, to the petitioner, her son, Stephen Javeline, approximately two weeks after her admission to the hospital for a syncopal episode, later determined to be a transient ischemic attack. One month earlier, she had experienced dizziness.

Approximately two weeks after the transfer, the deceased fell and broke her hip. She also suffered a heart attack. While in the hospital, she experienced a stroke and required long-term care. A few months after the transfer, she was diagnosed with rheumatoid arthritis, arteriosclerosis, and vascular heart disease.

Given the evidence of the deceased's medical condition at the time the transfer was made and the lack of other evidence showing that the transfer was made solely for reasons other than to qualify for medical assistance, the petitioner failed to justify the transfer of assets (see, Social Services Law § 366 [5] [c] [3] [iii]; *Matter of Brunswick Hosp. Ctr. v Wing,* 249 AD2d 385; *Matter of Carter v Brandwein,* 182 AD2d 620).

The petitioner's remaining contentions are without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.