■ In the Matter of CLIFFORD CAMPBELL, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [787 NYS2d 491]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondents which found petitioner ineligible to receive Medicaid benefits.

Petitioner applied to the Columbia County Department of Social Services (hereinafter DSS) on November 30, 2000 for Medical Assistance (hereinafter MA) retroactive to August 1, 2000. DSS determined petitioner to be not then eligible to receive MA because he and his wife had transferred assets valued in excess of $250,000 for no consideration. At issue is (1) a gift of $10,000 by petitioner's wife to each of their 12 grandchildren, (2) the transfer of $8,300 by petitioner's wife to their daughter, and (3) petitioner's conveyance of his 50% interest in a farm property to his son and daughter. It being undisputed that these uncompensated transfers occurred after August 10, 1993 and within the applicable 36-month "lookback" period which immediately preceded petitioner's institutionalization and his application for MA (*see* 18 NYCRR 360-4.4 [c] [2] [I] [c]), the statute which governs is Social Services Law § 366 (5) (d) (3). That section provides, in pertinent part, that "[i]n determining the medical assistance eligibility of an institutionalized individual, any transfer of an asset by the individual or the individual's spouse for less than fair market value made within or after the look-back period *shall render* the individual ineligible for nursing facility services for the period of time specified in subparagraph four of this paragraph" (Social Services Law § 366 [5] [d] [3] [emphasis added]). Consequently, petitioner's arguments that he has rebutted the presumption that the transfers were made for the purpose of qualifying for MA are inapposite. That standard applies only to transfers made between April 10, 1982 and October 1, 1989 (*see* Social Services Law § 366 [5] [b]).

By applying the general rule found in the quoted statute, DSS found petitioner to be ineligible. Petitioner now argues that (1) one of the statutory exceptions applies to the transfers made by his wife to their grandchildren because a satisfactory showing was made that these assets were transferred "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [d] [3] [iii] [B]), (2) the $8,300 transfer from his wife to their daughter was a loan, not a gift, and (3) a

"fractional interest discount" should be applied to reduce the value of his 50% interest in the farm that he transferred to his son and daughter, thus reducing the length of time that he would be ineligible to receive MA.

Our task is to review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law (*see Matter of Bendtson v New York State Dept. of Social Servs.*, 166 AD2d 853, 855 [1990]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights,* 100 NY2d 326, 331 [2003], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Petitioner bears the burden of proving eligibility (*see Matter of Brunswick Hosp. Ctr. v Wing,* 249 AD2d 385, 386 [1998]; *Matter of Bendtson v New York State Dept. of Social Servs., supra* at 855).

After full review of the record, we conclude that petitioner has not sustained his burden of proof. We also conclude that with respect to the gifts to the grandchildren and the transfer of $8,300 to the daughter, while evidence exists that would support a contrary conclusion, there is substantial evidence to support the agency determinations. First, with respect to the transfers to the grandchildren, petitioner argues that he and his wife were estranged and therefore she should not be considered to be his spouse for MA eligibility purposes. He also asserts that the transfers were made for the exclusive purpose of providing for the educational needs of these children. DSS's rejection of both arguments is supported by substantial evidence. Petitioner's wife continued to express a genuine concern for her husband's health, visited him at the nursing home, filed joint income tax returns with him, participated in at least one family holiday celebration with him, never sued for divorce and lived in the same house with him for the majority of the time during which she was making the gifts to the grandchildren. These factors support the agency determination that the parties were not estranged. Moreover, the transfers were made within the look-back period when petitioner's health was beginning to deteriorate and while they were sharing the services of the same tax adviser.

With respect to the $8,300 transferred to the parties' daughter, while both testified that it was a loan, not a gift, no documentation supporting this contention was produced and, although a substantial period of time had elapsed, only $500 had been returned by the daughter. Moreover, there was no ap-

parent interest rate set, and no time limit or fixed schedule for repayment. Thus, we find that substantial evidence exists demonstrating that the administrative determination has a rational basis in the record (*see Solarski v Glass,* 225 AD2d 868, 869 [1996]).

Petitioner's third argument concerning the fractional interest deduction is a tacit admission that this transfer rendered him ineligible for benefits. While petitioner may be correct that the Internal Revenue Service will recognize a fractional interest discount for gift tax purposes, there is nothing in the Social Services Law which recognizes this concept nor which authorizes anything other than what the agency did—that is—obtain an appraisal of the fair market value of the farm and divide it in half to establish petitioner's 50% interest. The only appraisal in the record was submitted by DSS and constitutes substantial evidence of value (*see Matter of De Santis v Wing,* 289 AD2d 953, 955 [2001]).

Peters, J.P., Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.