■ In the Matter of RAYMOND K. ROGERS, as Attorney-in-Fact for CLAUDIA ROGERS, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, Respondent. [809 NYS2d 250]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying a request for medical assistance for Claudia Rogers.

In May 2004, petitioner applied for Medicaid benefits on behalf of his wife, Claudia Rogers, who has resided in a nursing home since December 2003. The Delaware County Department of Social Services approved Medicaid coverage for certain services effective February 1, 2004, but determined that Rogers was not eligible to receive nursing home coverage for a penalty period of approximately 18 months due to prior transfers of assets for less than fair market value to Rogers' and petitioner's children within the "look-back" period. In general, for transfers of assets made by a Medicaid applicant/recipient (hereinafter

A/R) or his or her spouse, the "look-back" period is the 36-month period immediately preceding the date that the person receiving nursing facility services is both institutionalized and has applied for Medicaid (*see* Social Services Law § 366 [5] [d] [1] [vi]). After a fair hearing, respondent affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination and we confirm.

In reviewing a Medicaid eligibility determination made after a hearing, "[o]ur task is to review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (*Matter of Campbell v Commissioner of N.Y. State Dept. of Health,* 14 AD3d 766, 768 [2005]). Petitioner bears the burden of proving Medicaid eligibility (*see id.*; *Matter of Bendtson v New York State Dept. of Social Servs.,* 166 AD2d 853, 855 [1990]). Unless the applicant establishes that a transfer of assets falls under an exception set forth in the statute and regulations, a transfer for less than fair market value within or after the look-back period renders the applicant ineligible for nursing facility services (*see* Social Services Law § 366 [5] [d] [1] [vi]; [3] [i]-[iv]). We note that, with regard to the agency's application of Medicaid regulations and directives, the fact that the agency's "interpretation might not be the most natural reading of [its] regulation, or that the regulation could be interpreted in another way, does not make the interpretation irrational" (*Matter of Elcor Health Servs. v Novello,* 100 NY2d 273, 280 [2003]).

There are three transfers of assets at issue here. First, in December 2003, Rogers and petitioner gave $22,000 to their children. Although $15,746 of that money was deposited into a joint bank account owned by petitioner and the children in January 2004, the money was withdrawn and redistributed to the children in February 2004. The second transfer occurred in January 2004, when Rogers and petitioner revoked a trust and transferred approximately $98,500 from the trust to the joint bank account held by petitioner and the children. The third transaction also took place in January 2004, when Rogers and petitioner transferred $47,923.57—the balance of a joint certificate of deposit—into the joint bank account.

Pursuant to Social Services Law § 366 (5) (d) (3) (ii) (A), transfers to an institutionalized individual's spouse for less than fair market value will not render the individual ineligible for nursing facility services. Inasmuch as the January 2004 transfers were made to an account that was owned one third by petitioner and two thirds by the children, respondent treated one third of each transfer as an exempt transfer into the

spouse's name and considered two thirds of each amount to be an uncompensated transfer. In challenging this determination, petitioner asserts that because the January 2004 transfers were made to an account owned by him jointly, he should have been treated as the sole owner of the funds pursuant to Medicaid assistance eligibility rules. Specifically, petitioner argues that pursuant to Department of Health administrative directive 96 ADM-8 § IV (I) (1) (b), which explains Medicaid eligibility rules regarding jointly held assets, he is deemed to be the sole owner of the joint bank account.

The relevant provision of the directive states that "if an SSI-related A/R is a joint account holder, it is presumed that all of the funds in the account belong to the A/R" (96 ADM-8 § IV [I] [1] [b]). While it is undisputed that petitioner is "SSI-related" because he is over the age of 65 (see 18 NYCRR 360-1.4 [o]), he is not an A/R because he has neither applied for nor received Medicaid benefits. Thus, on its face, section IV (I) (1) does not apply to him.*

Despite the facial inapplicability of the provision, petitioner argues that respondent acted irrationally in declining to apply the definition of A/R used in 96 ADM-8 § IV (A) (4)—which provides that the term A/R includes the Medicaid recipient's spouse—to section IV (I) (1). This argument fails because section IV (A) (4) is not relevant here. While section IV (A) (4) relates to the creation of a trust or transfer of assets, section IV (I) (1) involves only ownership of bank accounts and does not refer to the creation of a trust or transfer of assets. Accordingly, respondent rationally applied the common and ordinary definition of A/R in determining that because Rogers—the actual SSI-related A/R—was not the joint owner of the account, the funds contained in an account jointly held by her husband and children did not come within the spousal exemption rule of Social Services Law § 366 (5) (d) (3) (ii) (A).

Nor did petitioner establish that 96 ADM-8 § IV (I) (2) applies. Paragraph (2) provides that "[m]erely placing another person's name on an account or asset as a joint owner does not necessarily constitute a transfer of assets." Here, petitioner did not merely place the children's names on an account. Rather, Rogers' assets were transferred to an account jointly owned by her spouse and children, and paragraph (2) is therefore inapposite. Further, as discussed below, petitioner permitted his children to withdraw $15,746 from the account in February

---

* Petitioner's contention that respondent admitted that he is considered an SSI-related A/R under 96 ADM-8 § IV (I) (1) (b) is not supported by the record.

2004, thereby limiting control over the funds in the account. Thus, even if paragraph (2) were applicable, there was substantial evidence to support a determination that petitioner was not the sole owner of the bank account.

Finally, substantial evidence supports respondent's determination that $15,746 of the separate $22,000 transfer in December 2003 to petitioner's children was not returned to Rogers prior to the Medicaid eligibility determination. Although the children deposited $15,746 into the joint account in January 2004, that money was withdrawn and distributed to the children again in February 2004. As respondent concluded, the February 2004 redistribution cannot be deemed a "post-eligibility transfer" to which no penalty can be applied inasmuch as Rogers was not determined to be eligible for nursing home coverage despite the allowance of coverage for other services effective February 1, 2004.

Petitioner's remaining arguments are either not properly before this Court or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.