In the Matter of Elisabeth Gabrynowicz, Petitioner, v New York State Department of Health et al., Respondents. [829 NYS2d 606]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health, dated November 1, 2004, which, after a hearing, upheld a determina-

tion of the Suffolk County Department of Social Services, dated April 5, 2004, that Lawrence Gabrynowicz was ineligible for medical assistance benefits for a period of approximately three months due to the transfer of certain assets to his son for less than fair market value within or after the "look-back" period set forth in Social Services Law § 366 and 18 NYCRR 360-4.4.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

In reviewing a Medicaid eligibility determination made after a fair hearing, the court must " 'review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law' " (*Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006], quoting *Matter of Campbell v Commissioner of N.Y. State Dept. of Health*, 14 AD3d 766, 768 [2005]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Campbell v Commissioner of N.Y. State Dept. of Health, supra* at 768). The petitioner bears the burden of demonstrating eligibility (*see Matter of Rogers v Novello, supra* at 581; *Matter of Campbell v Commissioner of N.Y. State Dept. of Health, supra* at 768; *Matter of Brunswick Hosp. Ctr. v Wing*, 249 AD2d 385, 386 [1998]).

Here, the petitioner was the wife of the decedent, Lawrence Gabrynowicz. Prior to her husband's death, the petitioner acted as his guardian while he was incapacitated. On his behalf, she transferred some of her husband's assets to their son, John Gabrynowicz. Contrary to the petitioner's contention, substantial evidence supports the respondents' determination that the petitioner transferred these assets, on behalf of her husband, for less than fair market value, thereby rendering him ineligible for medical assistance benefits for approximately three months (*see* Social Services Law § 366 [5] [d] [3]; 18 NYCRR 360-4.4 [c] [2] [ii]; *see also Matter of Campbell v Commissioner of N.Y. State Dept. of Health, supra* at 768-769). Substantial evidence also supports the respondents' determination that the petitioner failed to make a satisfactory showing that the assets were transferred "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [d] [3] [iii] [B]; *see* 18 NYCRR 360-4.4 [c] [2] [iii] [d] [1] [ii]; *see also Matter of Campbell v Commissioner of N.Y. State Dept. of Health, supra* at 768-769; *Matter of Javeline v Whalen*, 291 AD2d 497, 497

[2002]; *Matter of Brunswick Hosp. Ctr. v Wing, supra* at 386; *Solarski v Glass*, 225 AD2d 868, 869 [1996]).

Contrary to the petitioner's further contention, the spousal refusal rule is inapplicable here (*see generally* Social Services Law § 366 [3] [a]; *Matter of Shah [Helen Hayes Hosp.]*, 95 NY2d 148, 161 [2000], citing 42 USC § 1396r-5 [c] [3]). "The 'spousal refusal' rule indicates that Medicaid must be provided to the institutionalized spouse who meets eligibility requirements even if the community spouse has income or resources in excess of the community spouse resource allowance, as long as the State may seek recovery of the cost of medical assistance from the community spouse" (*Matter of Shah, supra* at 161, citing 42 USC § 1396r-5 [c] [3]; *see* Social Services Law § 366 [3] [a]). By operation of the spousal refusal rule, "an institutionalized spouse, through guardianship authorization, [may] transfer all of that spouse's assets to a community spouse; the latter may simultaneously refuse to have those assets included in the calculation of income and resources available to the institutionalized spouse for Medicaid assistance" (*Matter of Shah, supra* at 161; *see* 42 USC § 1396r-5 [c] [3]; Social Services Law § 366 [3] [a]). The spousal refusal rule is inapplicable to the circumstances presented here, where the petitioner, as the guardian of her incapacitated spouse, transferred the subject assets to her son and reacquired the assets from her son following the death of the incapacitated spouse approximately three months later. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.