■ In the Matter of MARGIE LOIACONO et al., Petitioners, v JANET DEMARZO, as Commissioner of the Department of Social Services of the County of Suffolk, et al., Respondents. [898 NYS2d 513]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated February 15, 2008, which, after a hearing, upheld a determination of the Department of Social Services of the County of Suffolk dated June 21, 2007, that the petitioner Margie Loiacono was ineligible for medical assistance for a period of approximately 24 months due to the transfer of certain assets to her son for less than fair market value within the "look-back period" set forth in Social Services Law § 366.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

In the first instance, since the determination rendered by the New York State Department of Health (hereinafter the DOH) after conducting a fair hearing is final and binding upon the Department of Social Services of the County of Suffolk (hereinafter the DSS), and the DSS must comply with it (*see* 18 NYCRR 358-6.1 [b]; *see generally Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843 [2008]), the proceeding must be dismissed insofar as asserted against Janet Demarzo, as Commissioner of the DSS, since she is not a proper party to this proceeding.

Turning to the merits, "[i]n reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are

supported by substantial evidence and are not affected by an error of law" (*Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d 464, 465 [2007] [internal quotation marks omitted]; *see Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d at 465, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). The petitioner bears the burden of demonstrating eligibility (*see Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d at 465; *Matter of Rogers v Novello*, 26 AD3d at 581).

Here, the petitioner Margie Loiacono transferred certain assets to her son, the petitioner Carl Loiacono, during the 36-month "look-back period" immediately preceding the date she entered a nursing home and applied for medical assistance benefits (Social Services Law § 366 [5] [d] [1] [vi]). It is the petitioners' burden "to rebut the presumption that the transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance" (*Matter of Carter v Brandwein*, 182 AD2d 620, 621 [1992]; *see Matter of Javeline v Whalen*, 291 AD2d 497 [2002]; *Matter of Brunswick Hosp. Ctr. v Wing*, 249 AD2d 385 [1998]).

Contrary to the petitioners' contentions, substantial evidence supports the DOH's determination that the petitioners failed to make a satisfactory showing that the assets were transferred "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [d] [3] [iii] [B]; *Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d at 465; *Matter of Javeline v Whalen*, 291 AD2d at 497). Given the evidence of the age and medical condition of Margie Loiacono at the time the transfers were made to her son, and the petitioners' failure to proffer sufficient evidence demonstrating that the transfers were made exclusively for reasons other than to qualify for medical assistance, the petitioners failed to rebut the presumption that the transfers were motivated by anticipation of a future need to qualify for medical assistance (*see Matter of Javeline v Whalen*, 291 AD2d at 497; *Matter of Brunswick Hosp. Ctr. v Wing*, 249 AD2d at 385; *Matter of DeNoto v New York State Dept. of Social Servs.*, 226 AD2d 631, 632-633 [1996]; *Matter of Carter v Brandwein*, 182 AD2d at 621).

Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.