■ In the Matter of ABSOLUT CARE OF THREE RIVERS, as Temporary Administrator of the Estate of CAROLYN BRADIAN, Deceased, Petitioner, v NIRAV R. SHAH, as Commissioner of Health, Respondent, et al., Respondent. [955 NYS2d 706]—

Rose, J.

"In reviewing a Medicaid eligibility determination rendered after a hearing, this Court must 'review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law' " (*Matter of Mallery v Shah*, 93 AD3d 936, 937 [2012], quoting *Matter of Campbell v Commissioner of N.Y. State Dept. of Health*, 14 AD3d 766, 768 [2005]; *accord Matter of Loiacono v Demarzo*, 72 AD3d 969, 969 [2010]; *Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006]). Here, the record discloses that decedent's mother established a trust in 1995, naming decedent as a beneficiary of the trust assets to be distributed upon the mother's death. In 2004, decedent executed a durable power of attorney authorizing her daughter to act on her behalf. Decedent's mother died in April 2009 and, in July 2009, decedent's daughter opened a joint bank account with decedent, acting as her attorney-in-fact. Decedent was admitted to the hospital in late December 2009, after being found unresponsive and living in

unhygienic conditions. At the time of her admission, she was noted to be "confused and not interacting." No medical proof was submitted regarding decedent's mental state prior to her admission to the hospital, but the hospital records note that she had reportedly been "fine." Decedent was moved to petitioner's nursing facility in January 2010, where she was noted to rarely speak and have poor short term memory, but to be able to understand questions, follow commands and make herself understood. Later that month, the proceeds from the trust due to decedent—approximately $129,000—were deposited in the joint account. On that same day, the daughter transferred over $100,000 from the joint account to her own account and, shortly thereafter, made additional transfers of more than $17,000. Petitioner applied for Medicaid benefits on decedent's behalf in May 2010. As of January 2011, decedent was noted to have "advanced dementia."

Petitioner argues that the challenged determination is based on an error of law because the transfers by decedent's daughter exceeded her authority as decedent's agent and were, therefore, "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [e] [4] [iii] [B]). We note, however, that the daughter's opening of the joint account was authorized by virtue of her ability to engage in banking transactions as decedent's attorney-in-fact (*see* General Obligations Law § 5-1502D [former (2)]).* Although the power of attorney did not authorize the daughter to then make a gift to herself by withdrawing the trust proceeds, the presumption of Banking Law § 675 applies here (*see Matter of Velie*, 62 AD3d 1244, 1245 [2009]). Thus, pursuant to Social Services Law § 366 (5) (e) (6), the daughter's transfers can be attributed to decedent (*see Matter of Mallery v Shah*, 93 AD3d at 939). Given this, petitioner was required to show that the transfers fell within a statutory or regulatory exception (*see id.*; *Matter of Rogers v Novello*, 26 AD3d at 581).

Although petitioner theorizes that decedent was unaware of her entitlement to the trust proceeds or any of the actions taken by her daughter due to her diminished mental capacity and argues that the evidence establishes the applicability of the exception found in Social Services Law § 366 (5) (e) (4) (iii) (B), the only medical proof submitted pertains to decedent's mental capacity after decedent's mother died and after the creation of

---

* We also note that the 2008 amendments to General Obligations Law § 5-1502D, made effective September 1, 2009, now prevent attorneys-in-fact from using the banking authorization to open a joint account (L 2008, ch 644, §§ 6, 21).

the joint account. While petitioner contends that the daughter's actions were an improper gift to herself in violation of her fiduciary duty, thus creating a presumption of self-dealing, the acts of the daughter are equally consistent with the conclusion that decedent had anticipated and acquiesced to the eventual transfer. Thus, in the absence of proof supporting its claim of self-dealing, petitioner is unable to overcome the conclusion that the proceeds were transferred—at least in part—in order to qualify for Medicaid (*see Matter of Mallery v Shah*, 93 AD3d at 937-938; *Matter of Loiacono v Demarzo*, 72 AD3d at 970).

Mercure, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.