■ In the Matter of MICHAEL F. CONNERS II, as Administrator of the Estate of PAUL HETTINGER, Deceased, et al., Petitioners, v ELIZABETH BERLIN, as Executive Deputy Commissioner of the Office of Temporary and Disability Assistance, et al., Respondents. [964 NYS2d 680]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Department of Health which found decedent ineligible for certain Medicaid benefits.

In September 2003, Paul Hettinger (hereinafter decedent), a

widower, executed a durable general power of attorney appointing Sharon Williams, an individual identified in the record as his cousin-in-law, as his attorney-in-fact. The power of attorney authorized Williams to engage in various financial and banking transactions, but did not permit her to make gifts of decedent's income to herself or others. Additionally, decedent and Williams were joint account holders on two checking accounts at a local bank.

In January 2006, decedent was admitted to a skilled nursing facility operated by petitioner Daughters of Sarah Nursing Center, Inc., and Williams signed the admission agreement as decedent's responsible party, i.e., the person responsible for assisting decedent in meeting his financial obligations with respect thereto.[1] Although it appears that Williams initially made the required payments on decedent's behalf, those payments ceased in early 2008, and an application for Medicaid coverage was filed with the Albany County Department of Social Services (hereinafter DSS). DSS denied the application, finding that decedent had transferred assets totaling $251,319.65 for less than fair market value within the relevant "look-back" period, and it imposed a penalty period of 33 months.[2] Williams requested a fair hearing on decedent's behalf and, in October 2008, filed an application with DSS for an "undue hardship" exception.[3] DSS denied that application shortly before decedent died in April 2009, but subsequently amended its prior eligibility decision and reduced the amount of uncompensated transfers to $199,372.98 and imposed a new penalty period of 26 months. Following the hearing, at which both decedent's eligibility for Medicaid benefits and his entitlement to the undue hardship exception were addressed, the Department of Health upheld the decisions made by DSS finding, among other things, that the weight of the evidence "fail[ed] to establish that the transfers at issue were made exclusively for a purpose other than to qualify for Medicaid" benefits. Petitioners thereafter commenced this CPLR article 78 proceeding to challenge that determination.

---

1. Shortly after decedent's admission, he was diagnosed with senile dementia. There is, however, no indication in the record that decedent was incompetent when he executed the power of attorney or when he and Williams became joint holders of the two checking accounts at issue.

2. These uncompensated transfers had their genesis in Williams' July 2007 sale of certain stocks owned by decedent. The proceeds from that sale were deposited into one of the two joint checking accounts held by decedent and Williams, and Williams thereafter made various transfers between and withdrawals from the respective accounts.

3. At some point, Daughters of Sarah apparently joined in both the Medicaid and undue hardship applications.

We confirm. "In reviewing a Medicaid eligibility determination made after a hearing, [o]ur task is to review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (*Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006] [internal quotation marks and citation omitted]; *see Matter of Absolut Care of Three Rivs. v Shah*, 101 AD3d 1327, 1327 [2012]; *Matter of Loiacono v Demarzo*, 72 AD3d 969, 969-970 [2010]). With respect to the issue of eligibility, Social Services Law § 366 (5) (e) (3) provides, in relevant part, that "any transfer of an asset by [an] individual . . . for less than fair market value made within or after the look-back period shall render the individual ineligible for nursing facility services" for a specified period of time (*accord Matter of Mallery v Shah*, 93 AD3d 936, 937 [2012]; *see Matter of Swartz v New York State Dept. of Health*, 96 AD3d 1209, 1210-1211 [2012]). Notably, "[t]he petitioner bears the burden of demonstrating [Medicaid] eligibility . . . [and must] . . . rebut the presumption that the [underlying] transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance" (*Matter of Loiacono v Demarzo*, 72 AD3d at 970 [internal quotation marks and citations omitted]; *see Matter of Mallery v Shah*, 93 AD3d at 937). Accordingly, unless the petitioner is able to demonstrate that the transfer at issue falls under a statutory or regulatory exception, such transfer—for less than fair market value—will trigger a penalty period of ineligibility (*see Matter of Mallery v Shah*, 93 AD3d at 937; *Matter of Rogers v Novello*, 26 AD3d at 581).

The crux of petitioners' argument on review is that Williams exceeded her authority under the 2003 power of attorney when she sold decedent's stocks, deposited the resulting proceeds into one or more of the joint checking accounts at issue and then withdrew such funds for her personal use; therefore, any such transfer of funds cannot be attributed to decedent. To be sure, the underlying power of attorney did not authorize Williams to make a gift to herself of decedent's income. The power of attorney did, however, authorize Williams to engage in bond, share, commodity and banking transactions, as well as "all other matters," and the bank accounts into or between which the proceeds from the sale of the stock were deposited, transferred and/or withdrawn were joint, thereby triggering the presumption set forth in Banking Law § 675 (*see Matter of Absolut Care of Three Rivs. v Shah*, 101 AD3d at 1328; *Matter of Velie*, 62 AD3d 1244, 1245 [2009]). Accordingly, pursuant to Social Services Law § 366 (5) (e) (6), Williams' transfers are attributed to decedent for purposes of ascertaining his eligibility

for Medicaid benefits (*see Matter of Absolut Care of Three Rivs. v Shah*, 101 AD3d at 1328; *Matter of Mallery v Shah*, 93 AD3d at 939)—thereby requiring petitioners to show that such transfers fell within a statutory or regulatory exception.

In this regard, petitioners contend that Williams breached her fiduciary duty to decedent and engaged in self-dealing, thus establishing that "the assets [in question] were transferred exclusively for a purpose other than to qualify for medical assistance" and invoking the exception set forth in Social Services Law § 366 (5) (e) (4) (iii) (B). Although there arguably is evidence in the record that could support such a conclusion, given the existence of the joint checking accounts and the powers conferred upon Williams with respect to financial transactions, substantial evidence supports the Department of Health's conclusion that petitioners failed to overcome the presumption that the stocks were sold and "the proceeds were transferred—at least in part—in order to qualify for Medicaid" (*Matter of Absolut Care of Three Rivs. v Shah*, 101 AD3d at 1329). Petitioners' related assertion—that decedent lacked the mental capacity to manage his finances—is equally unavailing, as the record does not establish that decedent was incapacitated at the time the power of attorney was granted or the joint accounts at issue were established. Under such circumstances, substantial evidence supports the Department of Health's determination that petitioners did not demonstrate their entitlement to the claimed exception.

We reach a similar conclusion with respect to the undue hardship application. Although the Daughters of Sarah indeed attempted to discharge decedent for nonpayment, the facility was unsuccessful in obtaining an alternative safe placement for decedent and, as a result, provided medical care to decedent until the date of his death. Under such circumstances, decedent did not qualify for the undue hardship exception (*cf. Matter of Vicidomini v Berlin*, Sup Ct, Albany County, June 10, 2011, Platkin, J., index No. 4825-10, *affd sub nom. McManus v Berlin*, 100 AD3d 1089 [2012]). To the extent that petitioners contend that respondents' construction of the undue hardship exception is too narrow, we note that just because a statute or regulation could be interpreted in another fashion does not render the administrative agency's interpretation thereof irrational (*see Matter of Rogers v Novello*, 26 AD3d at 581). Petitioners' remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Rose, J.P., Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.