Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of the Department of Health determining that a patient of petitioner was ineligible for certain Medicaid benefits.
After suffering an ankle injury, the individual relevant to this proceeding (hereinafter the patient) was admitted to petitioner, a skilled nursing facility, which applied for Medicaid on her behalf in April 2012. Respondent Greene County Department of Social Services (hereinafter DSS) found the patient ineligible for Medicaid coverage for a penalty period of 16.9 months based upon the sale of her home in 2009 for less than fair market value and the withdrawal of approximately $34,350 from her bank accounts within the 60-month look-back period under Social Services Law § 366 (5) (e) (1) (vi). The Department of Health (hereinafter DOH) affirmed that determination after a fair hearing. Petitioner then commenced this proceeding pursuant to CPLR article 78 asserting that the determination was arbitrary and capricious, affected by an error of law and against the substantial weight of the evidence. After determining that questions of substantial evidence had been raised, Supreme Court transferred the proceeding to this Court.
“In reviewing a Medicaid eligibility determination rendered after a hearing, this Court must ‘review the record, as a whole, to determine if the agency’s decisions are supported by substantial evidence and are not affected by an error of law’ ” (Matter of Mallery v Shah, 93 AD3d 936, 937 [2012], quoting Matter of Campbell v Commissioner of N.Y. State Dept. of Health, 14 AD3d 766, 768 [2005]; accord Matter of Loiacono v Demarzo, 72 AD3d 969, 969-970 [2010]; Matter of Rogers v Novello, 26 AD3d 580, 581 [2006]). Pursuant to Social Services Law § 366 (5) (e), the transfer of assets for less than fair market value within 60 months preceding an institutionalized individual’s application for medical assistance will result in a penalty period of ineligibility (see Social Services Law § 366 [5] [e] [3]; Matter of Swartz v New York State Dept. of Health, 96 AD3d 1209, 1210-1211 [2012]). However, such transfer will not result in such a penalty period where, as relevant here, there is a “satisfactory showing” that the individual “intended to dispose of the assets ... at fair market value . . . [or] the assets were transferred exclusively for a purpose other than to qualify for medical assistance” (Social Services Law § 366 [5] [e] [4] [iii]; see Matter of Rogers v Novello, 26 AD3d at 581). In this regard, *1178 it is petitioner’s burden to demonstrate Medicaid eligibility and it must “rebut the presumption that the transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance” (Matter of Mallery v Shah, 93 AD3d at 937 [internal quotation marks and citations omitted]; see Matter of Conners v Berlin, 105 AD3d 1208, 1210 [2013]).
Here, petitioner concedes that the patient sold her property to George Henderson for $23,122 within the 60-month look-back period, but contends that the patient obtained fair market value when she sold her property. Upon our review of the record, we agree. The affidavits of Henderson and the patient’s brother both indicate that the sale in question was an arm’s length transaction. Specifically, Henderson averred that he is not related to the patient and that he “paid fair market value for the property given [its] dilapidated state” inasmuch as the house required significant repairs before it would even be habitable. These statements were corroborated by the patient’s brother, who explained that the patient had been trying to sell the property for approximately two years and that the house, which sat vacant during that time, fell into an even further state of disrepair. The brother further indicated that Henderson’s offer was the only offer that the patient had on the property in the two years she had been trying to sell it. Additionally, the record demonstrates that the land on which the patient’s house was located — 2.9 acres — was valued at approximately $24,000 in 2011.
Because a recent arm’s length sale is a more accurate indicator of actual market value of the patient’s property than the tax assessment records relied upon by DSS assigning a value of $143,511 (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189 [1998]; Matter of Eckerd Corp. v Gilchrist, 44 AD3d 1239, 1240 [2007], lv denied 10 NY3d 707 [2008]), we find that petitioner successfully rebutted any presumption that may have arisen under Social Services Law § 366 (5) (e). The determination to the contrary was arbitrary and capricious (see Matter of Ward v City of Long Beach, 20 NY3d 1042, 1044 [2013]) and erroneous as a matter of law (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 189). Thus, DOH’s determination is not supported by substantial evidence and must be annulled insofar as it penalized the patient for the difference between the tax assessment value of the property and the sale price of the property. To the extent not specifically addressed, petitioner’s remaining contentions have been considered and found to be without merit.
*1179 Peters, P.J., Lahtinen and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as denied benefits based upon the sale of the property, and, as so modified, confirmed.