# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 8, 2016            522888
_____

In the Matter of JESSIE
    KRAJEWSKI,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

HOWARD A. ZUCKER, as
    Commissioner of Health,
    et al.,
                    Respondents.
_____

Calendar Date:   October 21, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        John W. Sutton, Galway, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kate H. Nepvue of counsel), for Howard A. Zucker, respondent.

        Christopher H. Gardner, County Attorney, Schenectady (Michael R. Godlewski of counsel), for Schenectady County Department of Social Services, respondent.

_____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of the Department of Health finding petitioner ineligible for Medicaid benefits for a certain period of time.

        Petitioner moved into a skilled nursing facility in June 2014.  In July 2014, petitioner's husband, as her attorney-in-

fact, applied for Medicaid benefits on her behalf. Respondent Schenectady County Department of Social Services approved Medicaid coverage for certain services effective June 1, 2014, but found petitioner to be ineligible for nursing facility services for a penalty period of five months based on certain asset transfers made during the applicable "look-back" period (see Social Services Law § 366 [5] [e] [3]). The Department of Health affirmed the determination after a fair hearing. Petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination asserting that it was not supported by substantial evidence. Supreme Court transferred the proceeding to this Court.

We confirm. "In reviewing a Medicaid eligibility determination rendered after a hearing, this Court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Whittier Health Servs., Inc. v Pospesel, 133 AD3d 1176, 1177 [2015] [internal quotation marks and citations omitted]; see Matter of Conners v Berlin, 105 AD3d 1208, 1210 [2013]). For purposes of determining Medicaid eligibility, "any transfer of an asset by the individual or the individual's spouse for less than fair market value made within or after the look-back period shall render the individual ineligible for nursing facility services" for a period of time based on the amount transferred (Social Services Law § 366 [5] [e] [3]; see Matter of Whittier Health Servs., Inc. v Pospesel, 133 AD3d at 1177; Matter of Mallery v Shah, 93 AD3d 936, 937 [2012]). Such a transfer will not result in a penalty period where the applicant has made a satisfactory showing that the individual intended to dispose of the assets at fair market value or the assets were transferred exclusively for a purpose other than to qualify for medical assistance (see Social Services Law § 366 [5] [e] [4] [iii]; Matter of Mallery v Shah, 93 AD3d at 937). The burden is on the applicant to demonstrate his or her eligibility for Medicaid by rebutting the "presumption that the transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance" (Matter of Mallery v Shah, 93 AD3d at 937 [internal quotation marks and citations omitted]; see Matter of Conners v Berlin, 105 AD3d at 1210).

The record shows that petitioner's spouse, who passed away in March 2015, transferred certain assets during the 60-month look-back period. Petitioner's son, Gary Krajewski, concedes that one such transfer – $15,000 given to him after a sale of real property – was for less than fair market value. At the hearing, Krajewski testified that his father habitually withdrew cash from the joint checking account to pay his own expenses. Further, he explained that his father sent money to petitioner's daughter, Cynthia DiFranco, who cared for petitioner at her home from June 2012 until she moved to the nursing facility. According to Krajewski, DiFranco's share of the real property sale was also given in exchange for the care that she gave to petitioner and to reimburse her for expenses that she had incurred on petitioner's behalf.

Petitioner contends that she successfully rebutted any presumption arising under Social Services Law § 366 (5) (e). We disagree. Substantial evidence is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011] [internal quotation marks and citations omitted]; see Matter of Jackson v Barber, 133 AD3d 958, 959 [2015]). While we do not wish to diminish DiFranco's contributions to her family, petitioner's proof with regard to certain claimed expenses consisted only of handwritten summaries of petitioner's average share of DiFranco's monthly grocery bill, her one-third share of the household's utility bills, and the approximate cost of items and services that DiFranco obtained for petitioner. Krajewski was not aware of whether there was any specific agreement with regard to the decision to have DiFranco care for petitioner, and he testified that he was not involved in the transactions between DiFranco and their father. DiFranco did not testify.

We cannot say that respondents erred in rejecting this proof as inadequate and note that the Department of Social Services duly credited petitioner for expenses in which receipts were provided. It is not disputed that when she moved in with her daughter, petitioner could no longer safely live at home, and the need for future nursing home care could have been anticipated. In our view, even though there was some evidence

that could support a different result, substantial evidence supports the determination of the Department of Health that the subject transfers were made for less than fair market value and that petitioner failed to rebut the presumption that the transfers, at least in part, were made for the purpose of qualifying for benefits (see Matter of Absolut Care of Three Rivs. v Shah, 101 AD3d 1327, 1329 [2012]; Matter of Mallery v Shah, 93 AD3d at 938; Matter of Loiacono v Demarzo, 72 AD3d 969, 970 [2010]).

McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court