Matter of Estate of Gerhardt Wise v New York State Dept. of Health (2026 NY Slip Op 00375)

Matter of Estate of Gerhardt Wise v New York State Dept. of Health

2026 NY Slip Op 00375

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-03818
 (Index No. 35414/23)

[*1]In the Matter of Estate of Gerhardt Wise, et al., petitioners, 
vNew York State Department of Health, respondent.

Cowart Dizzia, LLP, New York, NY (Suzan Arden of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated June 30, 2023. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Rockland County Department of Social Services dated December 17, 2019, denying an application for Medicaid benefits made on behalf of Gerhardt Wise.
ADJUDGED that the determination dated June 30, 2023, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners commenced this proceeding to annul a determination of the New York State Department of Health (hereinafter the DOH) made after a fair hearing pursuant to Social Services Law § 22. The determination upheld a determination of the Rockland County Department of Social Services (hereinafter DSS) denying an application for Medicaid benefits made on behalf of Gerhardt Wise due to the failure to timely submit proper documentation. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696, 696; Matter of Bosco v McGuire, 111 AD3d 931, 932). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. The petitioner bears the burden of demonstrating eligibility" (Matter of Loiacono v Demarzo, 72 AD3d 969, 970 [citations and internal quotation marks omitted]; see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696).
Here, the DOH's determination to uphold the denial of the application for Medicaid benefits made on behalf of Wise was supported by substantial evidence. The evidence demonstrated that documentation concerning a life insurance policy was not provided for the processing of the application in a timely manner (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696; Matter of Bosco v McGuire, 111 AD3d at 932). The petitioners failed to establish [*2]good cause for the failure to timely provide that documentation (see Matter of Mangels v Zucker, 168 AD3d 1060, 1061-1062; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267).
The petitioners' remaining contentions are without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court