■    In the Matter of JOHNNIE WOODLEY, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 22, 1974, as, after a statutory fair hearing, affirmed so much of a determination of the respondent Commissioner of the New York City Department of Social Services as awarded petitioner $136 to replace furniture destroyed in a fire. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements. Petitioner and her children are recipients of public assistance. On July 14, 1973 a fire in petitioner's apartment destroyed clothing and furniture. After an investigation, the welfare investigator reported that the fire marshal had found the resultant damage in the bedroom to be less than 15% and, accordingly, checks were issued to replace both the damaged furniture and the clothing. The clothing allowance check was not questioned, but petitioner felt that the $136 allowance (of a possible maximum allowance of $205) to replace the damaged bedroom furniture was insufficient. At the fair hearing requested by petitioner, the welfare investigator's report was introduced into evidence. Petitioner, on the other hand, offered no evidence to support her claim, other than her testimony that everything was lost. She did testify that she left when the house caught fire, but did not indicate whether she ever returned to see the extent of the damage caused by the fire. Petitioner contends, in this proceeding, that the decision, after the fair hearing, to sustain the furniture allowance must be set aside because it was based upon insufficient legal evidence. We disagree. In the first instance, petitioner bore the burden of showing eligibility for the special grant to replace the furniture which was lost in the fire (see *Lavine v Milne,* 424 US 577). Petitioner's vague claim that she felt she should have received a greater allowance clearly does not satisfy her burden. Further, the "Fires and Disasters" report, which contains a portion of the fire marshal's official report, was properly received into evidence (see Richardson, Evidence [Prince, 10th ed], § 342), and that report reveals only a 15% damage in petitioner's bedroom. Accordingly, there is no basis for an increase of the furniture allowance. In this court, petitioner decries the absence, at the hearing, of the investigator or fire marshal for cross-examination. However, the validity of the "Fires and Disasters" report was not contested at the hearing and thus petitioner was in no way prejudiced by the failure to produce either person as a witness. This is especially so since

the respondent city commissioner did not even have to introduce the afore-mentioned report—the burden being on petitioner. Finally, this court's decision in *Matter of Cedeno v Lavine* (46 AD2d 687) is not applicable. *Cedeno* involved an attempt by the New York State Department of Social Services to discontinue a grant of aid to dependent children. When that is the case, the agency must produce substantial evidence to justify its action, since it is depriving someone of something which he is already receiving. However, in this case, petitioner is seeking *additional* benefits (a special allowance) to those she is already receiving and, as to such benefits, she bore the burden of proving her eligibility. Moreover, *Cedeno* involved reliance by the State agency on an investigator's report which was predicated upon information received from "unidentified sources". In the proceeding at bar, the agency's investigator relied on and summarized the report of a fire marshal made in the ordinary course of his official business. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.