tered owner of a 1970 Saab automobile and a 1969 Dodge automobile and had declined to utilize their value toward the support of herself and her minor children. The 1970 Saab was transferred to one Otis Glenn for no legal consideration. The license plates and registration were subsequently surrendered to the Bureau of Motor Vehicles. The petitioner still possesses the 1969 Dodge, which is presently inoperable. The record does not establish by substantial evidence that the petitioner's 1969 Dodge was not essential to her transportation to and from work. Nor has it been established that the 1970 Saab is in fact available to the petitioner for sale (see *Matter of Knowles v Lavine*, 34 NY2d 721, 722; *Matter of Wilson v Berger*, 52 AD2d 586). In any event, the petitioner's failure to comply with the demand of the local agency could not serve to deprive her children of the assistance they were entitled to receive as the record does not indicate a present lack of need (see *Matter of Ryan v New York State Dept. of Social Servs.*, 40 AD2d 867; *Matter of Zabala v Lavine*, 48 AD2d 880, 881). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ In the Matter of VERONICA MADELEY, Appellant, v CHARLES W. BATES, as Commissioner of the Westchester County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated April 23, 1976, which, after a statutory fair hearing, affirmed a determination of the respondent Commissioner of the Westchester County Department of Social Services denying petitioner's application for medical assistance, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered September 28, 1976, which dismissed the petition. Judgment affirmed, with one bill of costs jointly to respondents. The petitioner, a 77-year-old widow who was a resident of the State of Michigan, applied for medical assistance on January 25, 1975. After she required hospitalization in Michigan on two occasions, once in intensive care, in August, 1974, her son brought her to his home in this State to convalesce. In September, 1974 she required hospitalization because she went into a diabetic coma and, on October 4, she suffered a cardiac arrest and stroke and was again placed in intensive care. At that time there were bank accounts and certificates of deposit totaling approximately $38,000, and shares of stock of the approximate value of $8,500, in the names of petitioner and her son, jointly, and she was the sole owner of her home, valued at $15,000, in the State of Michigan. She was in imminent fear of death and she recalled that her will, executed in 1973, provided substantial bequests to her sisters and nieces. She wanted her property to pass to her son and his family after her death and instructed her son to effect transfers of her property. Prior to January 25, 1975 the funds on deposit in the banks were transferred to custodial accounts for her minor granddaughters and, after January 25, 1975, title to the real property was transferred to her son and his wife and title to the shares of stock was transferred to her son. All of these transfers were made without consideration. The application for medical assistance was denied and Special Term dismissed the petition. The petition raises the question of whether the determination is supported by substantial evidence and should, therefore, have been transferred to this court (see CPLR 7803, subd 4; 7804, subd [g]). However, we may consider the proceeding as though it had properly been transferred (see *Matter of Mistler v Tofany*, 39 AD2d 710, affd 30 NY2d 870). The applicant has the burden of proving her eligibility for medical assistance (see *Lavine v Milne*, 424 US 577; *Matter of Reynolds v Berger*, 54 AD2d 910; *Matter of Woodley v Lavine*, 54 AD2d 912).

On this record the determination that petitioner was not eligible for medical assistance is supported by substantial evidence. Petitioner's desire that, upon her death, all of her property should pass to her son and his family could have been readily and more expeditiously effected by a will (see *Matter of Arlasky v Dimitri*, 38 AD2d 665). One half (approximately $19,000) of the moneys in the banks, which were transferred without consideration immediately prior to the date of the application, and one half (approximately $4,250) of the value of the shares of stock, which were transferred without consideration after the date of the application (for an approximate total of $23,250), unquestionably was the property of the petitioner. We note that the evidence is insufficient to support a determination of the amount of the resources in excess of that total which were available to the petitioner. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.