■ In the Matter of FLORENCE SAVIOLA, Petitioner, v PHILIP L. TOIA, as New York State Commissioner of Social Services, et al., Respondents.— Determination unanimously annulled, with costs, and petition granted. Memorandum: In this article 78 proceeding petitioner seeks to annul a decision of respondent, Commissioner of the New York State Department of Social Services, affirming a determination of the Commissioner of Erie County Department of Social Services which denied petitioner medical assistance on the ground that she had made a voluntary transfer of assets for the purpose of qualifying for assistance within the scope of section 366 (subd 1, par [e]) of the Social Services Law. The proceeding was transferred to this court pursuant to CPLR 7804 (subd [g]) by Supreme Court, Erie County. In August, 1974 petitioner Florence Saviola, who was then 81 years old, had been living with one of her four daughters for several years. At that time she had assets of approximately $25,000 in a bank account, monthly income from Social Security benefits of $235, and a life insurance policy in the amount of approximately $1,500. During the month of August she withdrew $20,000 from the account, making gifts of $5,000 to each of her four daughters. In February, 1975 petitioner became ill with a kidney condition and was hospitalized for a month. As a result of that condition her physician advised that petitioner should be placed in a nursing home. She entered Fiddlers Green Manor Nursing Home on March 11, 1975 and applied for medical assistance on April 23, 1975. On May 22, the Erie County Commissioner of Social Services denied petitioner's application because of the transfer of assets the previous August. In denying the application, the commissioner relied on section 366 (subd 1, par [e]) of the Social Services Law which provides, in pertinent part, as follows: "1 Medical assistance shall be given under this title to a person who requires such assistance and who * * * (e) has not made a voluntary assignment or transfer of property (i) for the purpose of qualifying for such assistance. * * * A transfer of property made within one year prior to the date of application shall be presumed to have been made for the purpose [of qualifying for such assistance]". Following denial of her application, petitioner requested and was granted a statutory fair hearing. Because of her infirmity, petitioner was not present at the fair hearing but was represented by counsel and two of her daughters appeared and testified. Following the fair hearing, the New York State Commissioner of Social Services affirmed the denial of petitioner's application. The testimony at the hearing established that in August of 1974 petitioner, while suffering the usual problems of advancing age, had no serious medical problems. She had been visiting a doctor monthly for treatment of low blood pressure and "nervousness," but exhibited no other symptoms. Her daughters testified that during the following winter petitioner's health began to deteriorate and that in February her doctor ordered her hospitalization because of a kidney failure. She was hospitalized for one month, during which time her doctors advised that petitioner should enter a nursing home. Both daughters testified that there had been no contemplation of petitioner's entering a nursing home prior to

that time. They testified further that when their mother made the gifts of $5,000, she knew what she was doing, went to the bank and made the withdrawal herself and had checks made out to each of her four daughters. Both daughters testified that their mother had stated that she had good daughters and wanted them to have the money during her lifetime. There was no evidence to indicate that petitioner or her daughters contemplated any impending illness or hospitalization. Further, the evidence established that after the transfer petitioner had approximately $5,000 and a monthly income of $235, which she apparently thought would be sufficient for her needs for the balance of her life. Our review of the commissioner's determination is limited to insuring that the determination is based on substantial evidence on the record, that is, that it has a rational basis and is not arbitrary or capricious. *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *Matter of Nigro v Board of Trustees of Vil. of Alden,* 57 AD2d 695.)* Under circumstances substantially analogous to those before us, we recently annulled the commissioner's denial of medical assistance commenting that: "the record is devoid of any evidence tending to support respondents' conclusion that this was the purpose behind the instant transfer. Nor does the presumption of intent contained in that statute justify the respondents' decision in view of the uncontradicted testimony presented by petitioner that the purpose behind the transfer was to advance the inheritance expectation of her son, to provide consideration for past services and to defeat the future lien which the department * * * might file against the property after petitioner's death." *(Matter of Mager v Berger,* 57 AD2d 725.) The record before us establishes that petitioner made the transfer of assets at a time when she was suffering from no serious disability and had no reason to believe that she would require extensive medical assistance or nursing home care in the foreseeable future. It was further established that petitioner retained sufficient funds which, when combined with her monthly Social Security benefits, were reasonably adequate for her support in the foreseeable future. Finally, the testimony is uncontradicted that petitioner made the gift to her daughters out of affection for them and a desire to see them enjoy the gift during her lifetime. This evidence thus rebuts the presumption that the transfer was made for the purpose of qualifying for medical assistance. The record is devoid of proof in support of the commissioner's determination and it must therefore be annulled. In light of our decision based on the record, we do not reach the constitutional issues raised by petitioner. (Art 78 proceeding transferred by order of Erie Supreme Court.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.