■ Morris Kruk, as Guardian ad Litem for Frances Sparhuber, Petitioner, v Barbara Blum, as Commissioner of the New York State

Department of Social Services et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated April 18, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying an application for medical assistance on behalf of Frances Sparhuber. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, the respondent agencies are directed to provide Frances Sparhuber with such retroactive and prospective medical assistance benefits as she may be entitled, and the matter is remitted to the State commissioner for the appropriate calculation. The sole ground relied upon in denying the application for medical assistance (see Social Services Law, §§ 363-369) was Frances Sparhuber's preapplication transfer of her former residence to her son and daughter approximately three weeks before she suffered the first of a series of debilitating strokes. The application was denied in reliance upon the "voluntary transfer" provision of section 366 (subd 1, par [e]) of the Social Services Law. In *Scarpuzza v Blum* (73 AD2d 237), we held that this "voluntary transfer" provision of the Social Services Law and its implementing regulation (18 NYCRR 360.8) were invalid as applied to individuals who, but for their income and resources, would be eligible for SSI. These provisions were found to be in direct conflict with controlling Federal law. (See, also, *Caldwell v Blum,* 621 F2d 491.) Apart from the invalidity of section 366 (subd 1, par [e]) of the Social Services Law, we would annul the determination under review. The record before us establishes that the transfer of assets was made at a time when the transferor was not suffering from any serious disability (see *Matter of Saviola v Toia,* 63 AD2d 849). The record does not contain support for the State commissioner's determination. Hopkins, J. P., Damiani, Lazer and Weinstein, JJ., concur.