■ ESTHER ROBBINS, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination annulled on the law with costs and petition granted, in accordance with the following memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination of respondent Commissioner which upheld the local agency's denial of petitioner's application for medical assistance. The agency denied petitioner's application for benefits because she forgave an indebtedness of $18,000 on notes that her two sons had given her in exchange for conveyance of the family home to them. The agency took the position that petitioner's forgiveness of the debt constituted an uncompensated transfer of assets which, when taken into account, resulted in her having excess resources. After a fair hearing, the Commissioner upheld that

determination, concluding that petitioner had not rebutted the presumption that the transfer was for the purpose of qualifying for such assistance *(see,* Social Services Law § 366 [5] [a], [b] [2]; 18 NYCRR 360.8 [a], [b]). We conclude that the Commissioner's determination is not supported by substantial evidence and must be annulled.

The testimony at the fair hearing established that, although petitioner was in a nursing home when she conveyed her house to her sons in May 1985 and forgave their indebtedness in October 1985, she had sufficient assets and income to cover the cost of her nursing home care and anticipated going home shortly. In fact, petitioner was discharged to her son's home in November 1985. At the time, she had recovered from the stroke for which she had been admitted to the nursing home and anticipated remaining home indefinitely. Additionally, she had not yet exhausted her resources and had not applied for medical assistance in connection with the first nursing home stay. Unfortunately, in December 1985, about one month after she was discharged, she fell and broke her toes, which required her hospitalization and ultimate confinement in another nursing home. In May 1986, after several months in the second nursing home, petitioner's assets were exhausted and she had to apply for medical assistance. The evidence at the fair hearing established that petitioner's motive for transferring her house to her sons and forgiving their indebtedness was her inability to maintain the home physically and financially, as well as her desire to make a gift to her sons out of love and gratitude for what they had done for her, including maintaining the house in her absence.

In these circumstances, the Commissioner's determination is not supported by substantial evidence. Petitioner had no need for medical assistance and did not anticipate any further need at the time she made the transfer. It cannot rationally be concluded that the transfer was made to qualify for medical assistance when the need for medical assistance was the result of an accidental injury sustained after the date of transfer. In such situations, the transfer is "exclusively for some purpose other than to qualify for medical assistance" (18 NYCRR 360.8 [b]; *see,* Social Services Law § 366 [5] [b] [2]). Thus, petitioner has sustained her burden of rebutting the statutory presumption.

All concur, except Lawton, J., who dissents and votes to confirm the determination, in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. Applying the

test set down by the Court of Appeals in *Matter of Gray v Adduci* (73 NY2d 741) for appellate review of administrative decisions such as this, I believe that the determination should be confirmed.

On January 18, 1985, petitioner, an 82-year-old woman, while a patient in a nursing home following her hospitalization for treatment of an ulcerated leg and a stroke, deeded to her two sons her home in exchange for two notes totaling $18,000. When the notes became due on October 15, 1985, and while still a patient at the nursing home, she forgave payment on the two notes as gifts to her children. At that time it was reasonable to infer that her only other assets, which consisted of savings of $22,000, had been substantially depleted by payment for her nine months' confinement at the nursing home.

Under these facts, there is a rational basis for the Commissioner's determination that petitioner had not rebutted the statutory presumption that the transfer was for the purpose of qualifying for assistance *(see,* Social Services Law § 366 [5] [a], [b] [2];. 18 NYCRR 360.8 [a], [b]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 182). There were presented competing inferences concerning the petitioner's intent at the time of the forgiveness of the indebtedness and it is for the Commissioner, and not this court, to make the choice between these competing inferences *(see, Matter of Rizzuto v Blum,* 101 AD2d 699). (Article 78 proceeding transferred by amended order of Supreme Court, Erie County, Fallon, J.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.