■ In the Matter of ELSIE PREZIOSO, Petitioner, v ALICE A. AMRHEIN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated October 15, 1987, which, after a hearing, affirmed the decision of the respondent Commissioner of the Suffolk County Department of Social Services which, inter alia, denied the petitioner medical assistance on the ground that she made a voluntary transfer of assets for the purpose of qualifying for assistance within the scope of Social Services Law § 366 (5).

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the branch of the determination which denied the petitioner's application for medical assistance on the ground that she made a transfer of

assets to qualify for assistance is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, the respondents are directed to provide the petitioner with such retroactive and prospective medical assistance benefits as she may be entitled, and the matter is remitted to the respondent Commissioner of the New York State Department of Social Services for the appropriate calculation.

The testimony at the hearing revealed that in 1967 the petitioner suffered a stroke which left her paralyzed. As a result, she moved from her own house on Second Street in New Suffolk in Suffolk County to the home of her daughter Elsie Pantaleo. The house on Second Street remained vacant and began to deteriorate, and in 1980 the petitioner's granddaughter, Mrs. Picher, and her spouse, began renting the house on Second Street and renovating it. In 1982 the petitioner was hospitalized for a gall bladder operation, and in 1983 for a broken hip.

Sometime prior to 1985, the Pichers asked to buy the petitioner's Second Street house. The petitioner indicated she wanted to keep the Second Street house in the family, and all parties were aware that she intended to ultimately bequeath it to Elsie Pantaleo. When it appeared that Ms. Pantaleo and her former husband Carl Stair could not then maintain the petitioner's house or handle its expenses due to the fact they had children either in college or preparing for college, the petitioner decided in December 1985 to sell the house to Mrs. Picher for $45,000. Thereafter, she assigned the mortgage without consideration, to Pantaleo. The attorney who handled the transaction submitted an affidavit indicating that the transaction was structured so that the Pichers could pay a fair price for the home which the petitioner might otherwise have given to Pantaleo and there was never any discussion concerning the petitioner's qualification for medical assistance. In May of 1987 the petitioner was hospitalized after suffering a stroke, and her physicians ultimately recommended her transfer to a nursing home for full-time care.

We find an absence of any evidence in the record to support the respondents' determination that the transfer of the petitioner's home was made in order to qualify for medical benefits (see, Social Services Law § 366 [5]). Although the respondents determined that the petitioner's 1982 and 1983 hospitalizations rendered it foreseeable that her need for medical care and services would increase over the years, those hospitalizations were wholly unrelated to the stroke she suffered in 1987. Thus, the record establishes that the petitioner made the

transfer of assets at a time when she was suffering from no serious disability and had no reason to believe that she would require extensive medical assistance or nursing home care in the foreseeable future *(see,* Social Services Law § 366 [5]; *Kruk v Blum,* 76 AD2d 882, 883; *Matter of Saviola v Toia,* 63 AD2d 849, 850; *cf., Matter of Rinefierd v Blum,* 66 AD2d 351; *Matter of Madeley v Bates,* 56 AD2d 629, 630). Since the Commissioner's determination is not supported by substantial evidence, it must be annulled *(Matter of Saviola v Toia, supra).* In light of our decision, we do not reach the constitutional issues raised by the petitioner *(Matter of Saviola v Toia, supra).* Furthermore, in light of the circumstances of this case, we find no basis upon which to grant an award of attorney fees pursuant to 42 USC § 1988 *(see,* 42 USC § 6103 [b] [1] [B]; *Matter of Johnson v Blum,* 58 NY2d 454, 458, n 2; *Matter of Flowers v Perales,* 140 AD2d 136, 144; *Matter of Bess v Toia,* 66 AD2d 844, 845). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.