■ MARTIN ALBERT, as Executor of FRIEDA ALBERT, Deceased, Petitioner, v CAESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 23, 1987, which, after a fair hearing, denied the petitioner's application for medical assistance based upon Social Services Law § 366 (5).

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the respondents are directed to provide the petitioner with retroactive medical assistance benefits, and the matter is remitted to the respondent Commissioner of the New York State Department of Social Services for a determination as to the amount of retroactive benefits due and owing.

On June 24, 1987, the petitioner Martin Albert submitted an application to the respondent Nassau County Department of Social Services (hereinafter the local agency) for medical assistance benefits for his mother, Frieda Albert. On July 7, 1987, the local agency denied the application, citing Social Services Law § 366 (5), which provides, in pertinent part, that any transfer of a nonexempt resource made within 24 months prior to the date of a person's application for medical assistance shall be presumed to have been made for the purposes of qualifying for such assistance. The local agency concluded that Mrs. Albert was ineligible for assistance since she had transferred an aggregate sum of $40,000 to several relatives within the 24-month period prescribed by the statute.

However, it was established at a subsequent hearing that

Mrs. Albert was in relatively good health when she transferred the $40,000. The funds were realized from the sale of her home in August 1985. Mrs. Albert, who was 85 years of age at the time of the transfer, retained $66,000, which, together with her pension, was to provide for her lifetime care. Prior to the sale, she resided in her home with her daughter-in-law, who paid the household expenses. The petitioner and his wife also assisted in caring for Mrs. Albert. In January 1985 Mrs. Albert moved into an adult residence, expending approximately $1,500 per month for basic nonmedical services. The transfers in dispute occurred in September 1985 and consisted of $10,000 to the petitioner, $10,000 to his wife and $20,000 to the daughter-in-law with whom Mrs. Albert had resided. In June 1986 Mrs. Albert suffered a broken ankle and was hospitalized. While in the hospital, she suffered two minor strokes and eventually moved into a nursing home. The instant application for medical assistance was submitted after Mrs. Albert's funds had been depleted.

Although the respondents concluded that the subject transfers were made in order to qualify for medical benefits, we find no evidence in the record to support this conclusion. Rather, the testimony elicited at the fair hearing established that Mrs. Albert, who is now deceased, transferred a portion of her assets when she was suffering from no serious disability and had no reason to believe that she would require extensive medical assistance or nursing home care in the foreseeable future (see, Matter of Prezioso, 154 AD2d 468; Kruk v Blum, 76 AD2d 882; Matter of Saviola v Toia, 63 AD2d 849). Additionally, the record supports the petitioner's claim that the transfer of funds by Mrs. Albert constituted consideration for past services performed by the petitioner, his wife and the daughter-in-law. Since the State Commissioner's determination was not supported by substantial evidence, it must be annulled. The petition for medical assistance benefits therefore is granted and the matter is remitted to the respondent State Commissioner for an appropriate calculation as to the amount of retroactive benefits due and owing.

In light of this disposition, we need not address the petitioner's remaining contention. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.