■ In the Matter of ROBIN SAFRAN, as Administrator of the Estate of LOUISE BERKE KORNHABER, Deceased, Petitioner, v NIRAV R. SHAH, M.D., M.P.H., Individually and as Commissioner, New York State Department of Health, et al., Respondents. [990 NYS2d 47]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health, dated March 8, 2012, which, after a fair hearing, affirmed a determination of the Suffolk County Department of Social Services denying the application of Louise Berke Kornhaber for Medicaid benefits for a period of 8.28 months.

Adjudged that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent Gregory J. Blass, as Commissioner of the Suffolk County Department of Social Services; and it is further,

Adjudged that the petition is granted insofar as asserted against the respondent Nirav R. Shah, as Commissioner of the New York State Department of Health, and the respondent Elizabeth R. Berlin, as Executive Deputy Commissioner of the New York State Office of Temporary and Disability Assistance, on the law, the determination is annulled, those respondents are directed to provide Louise Berke Kornhaber with retroactive medical assistance benefits, and the matter is remitted to the respondent Commissioner of the New York State Department of Health for a determination as to the amount of retroactive benefits due and owing; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by the respondents Nirav R. Shah, as Commissioner of the New York State Department of Health, and Elizabeth R. Berlin, as Executive Deputy Commissioner of the New York Office of Temporary and Disability Assistance.

The determination of the New York State Department of

Health after a fair hearing is final and binding on the social service agencies, which must comply with that determination (*see* 18 NYCRR 358-6.1 [b]). Accordingly, the proceeding must be dismissed insofar as asserted against Gregory J. Blass, as Commissioner of the Suffolk County Department of Social Services, since he is not a proper party to this proceeding (*see Matter of Loiacono v Demarzo*, 72 AD3d 969 [2010]; *Matter of Baker v Mahon*, 72 AD3d 811 [2010]).

When determining Medicaid eligibility, an agency looks back for a period of 60 months immediately preceding the date the applicant was institutionalized and had applied for Medicaid, to determine if any asset transfers were made for less than fair market value (*see* 42 USC § 1396p [c] [1] [B]; Social Services Law § 366 [5] [d] [1] [vi]). If such a transfer was made during that period, the applicant is ineligible for Medicaid benefits for a period of time corresponding with the value of those assets (*see* 42 USC § 1396p [c] [1] [A]; Social Services Law § 366 [5] [d] [4]). The presumption that such a transfer was made for the purpose of obtaining Medicaid eligibility can be rebutted by showing that the transfer was made exclusively for a purpose other than to qualify for medical assistance (*see* 42 USC § 1396p [c] [2] [C] [ii]; Social Services Law § 366 [5] [e] [4] [iii] [B]; *see also* 18 NYCRR 360-4.4).

Here, all the evidence at the fair hearing shows that the two subject monetary transfers were made when Louise Berke Kornhaber was living independently and several years before she required nursing home care. The transfers were made out of appreciation for her family, and still left her with enough resources to maintain herself for years. If it were not for the unexpected loss of resources through theft, Kornhaber would not have needed to apply for Medicaid. Therefore, the petitioner met her burden of rebutting the presumption that the two subject transfers were motivated by the anticipation of a future need to qualify for medical assistance (*see Matter of Loiacono v Demarzo*, 72 AD3d 969 [2010]). As those transfers do not render Kornhaber ineligible for Medicaid benefits (*see Albert v Perales*, 156 AD2d 619 [1989]; *Matter of Prezioso v Amrhein*, 154 AD2d 468 [1989]; *Robbins v Perales*, 148 AD2d 935 [1989]), the determination of the Department of Health to the contrary is not supported by substantial evidence, and is arbitrary and capricious (*see* CPLR 7803 [3], [4]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.