■ In the Matter of CARMEN RIVERA, Appellant, v GREGORY J. BLASS, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. [7 NYS3d 209]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated May 10, 2011, which, after a hearing, affirmed a determination of the Suffolk County Department of Social Services dated September 13, 2010, that the petitioner was not eligible for Medicaid assistance for a period of 14.058 months due to a transfer of certain of her assets for less than market value.

Adjudged that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent Gregory J. Blass, as Commissioner of the Suffolk County Department of Social Services; and it is further,

Adjudged that the petition is granted insofar as asserted against the respondent Richard F. Daines, as Commissioner of the New York State Department of Health, on the law, the determination dated May 10, 2011, is annulled, that respondent is directed to provide the petitioner with retroactive Medicaid benefits for a period of 14.058 months, and the matter is remitted to the respondent Commissioner of the New York State Department of Health for a calculation of the amount of retroactive benefits due and owing and for the payment thereof to the petitioner immediately thereafter; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the respondent Richard F. Daines, as Commissioner of the New York State Department of Health.

A determination of the New York State Department of Health (hereinafter the DOH) after a fair hearing is final and binding on the social services agencies (*see* 18 NYCRR 358-6.1 [b]). Therefore, the proceeding must be dismissed insofar as asserted against Gregory J. Blass, Commissioner of the Suffolk County Department of Social Services (hereinafter DSS), as he is not a proper party to this proceeding (*see Matter of Safran v Shah*, 119 AD3d 590, 590-591 [2014]).

On January 4, 2008, when the petitioner was 84 years old, her husband loaned the sum of $200,000 to the couple's grandson and the grandson's wife. In return, the grandson and his wife executed a $200,000 promissory note, which reflects an interest rate of 5.5% per annum, payable to the petitioner's husband over a 15-year period. The petitioner's grandson and his wife made the monthly payments due under the promissory note.

In March 2009, the petitioner fell and broke her hip and, thereafter, entered nursing home care. On August 17, 2009,

she applied for Medicaid benefits, and the petitioner's husband consulted with an attorney regarding the petitioner's Medicaid application. In May 2010, the original promissory note was amended to comply with certain Medicaid requirements by making it nonnegotiable and nonassignable, and noncancellable upon the death of the petitioner's husband, and by requiring payments to be made to the estate of the petitioner's husband upon his death.

In a determination dated September 13, 2010, DSS concluded that the petitioner was not eligible for nursing facilities services for a period of 14.058 months, based upon its finding that the petitioner's husband had transferred the sum of $152,567.42 (i.e., the loaned sum of $200,000 minus the sum that had been repaid) to her grandson and his wife for less than market value.

At a fair hearing conducted by the DOH, the petitioner's husband testified that he made the loan because he required income and because his grandson and his grandson's wife needed money to renovate their home. The petitioner's husband denied that the petitioner had any chronic conditions at the time of the loan. The petitioner submitted a letter from her physician stating that, as of December 2007, the petitioner was in good health and not a candidate for a nursing home. In addition, the petitioner submitted various affidavits from her family members averring that the loan was made to provide a source of income for the petitioner's husband and to allow the grandson and his wife to improve their home. DSS argued that the note was not actuarially sound pursuant to Medicaid regulations and, therefore, that the transfer was for less than fair market value. In a decision dated May 10, 2011, the DOH affirmed DSS's determination that the petitioner was ineligible for Medicaid benefits for a period 14.058 months because her husband had transferred the sum of $152,567.42 for less than fair marker value. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOH's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (*Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d 464, 465 [2007] [internal quotation marks omitted]; *see Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006]). Substantial evidence has been defined as "such relevant proof as a rea-

sonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). While the level of proof is less than a preponderance of the evidence, substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor (*see id.* at 180), or from the absence of evidence supporting a contrary conclusion (*see Matter of Harrison v Palumbo*, 122 AD3d 634, 635 [2014]; *Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d 684, 685 [2012]).

When determining Medicaid eligibility, an agency is required to "look back" for a period of 60 months immediately preceding the first date the applicant was both "institutionalized" and had applied for Medicaid benefits, to determine if any asset transfers were uncompensated or made for less than fair market value (42 USC § 1396p [c] [1] [A], [B]; Social Services Law § 366 [5] [e] [1] [vi]). If such a transfer was made during that period, the applicant may become ineligible for Medicaid benefits for a specified period of time (*see* 42 USC § 1396p [c] [1] [A], [E]; Social Services Law § 366 [5] [e] [3]), unless there is a "satisfactory showing" that the applicant or the applicant's spouse intended to dispose of the assets at fair market value or for valuable consideration, the assets were transferred exclusively for a purpose other than to qualify for medical assistance, or all assets transferred for less than fair market value have been returned to the applicant (42 USC § 1396p [c] [2] [C] [i], [iii]; Social Services Law § 366 [5] [e] [4] [iii]). It is the petitioner's burden to rebut the presumption that the transfer of funds was motivated, in part if not in whole, by anticipation of a future need to qualify for medical assistance (*see Matter of Albino v Shah*, 111 AD3d 1352, 1354 [2013]; *Matter of Loiacono v Demarzo*, 72 AD3d 969, 970 [2010]; *Matter of Carter v Brandwein*, 182 AD2d 620, 621 [1992]).

Applying these rules here, the DOH's determination that the petitioner failed to make a satisfactory showing that her husband intended to transfer the assets for valuable consideration is not supported by substantial evidence. The petitioner correctly concedes that the loan was not made for fair market value since the payments due under the original note and the amended note are not actuarially sound in light of the note's 15-year repayment term and the age of the petitioner and her husband (*see* 42 USC § 1396p [c] [1] [I]). However, the evidence adduced at the fair hearing rebutted the presumption that the transfer was motivated by anticipation of a future need to qualify for medical assistance (*cf. Matter of Corcoran v Shah*, 118 AD3d 1473, 1474 [2014]; *Matter of Mallery v Shah*, 93

AD3d 936, 938 [2012]; *Matter of Loiacono v Demarzo*, 72 AD3d at 970). In this regard, the petitioner's husband stated that he entered into the loan agreement in order to create a source of income. The petitioner demonstrated that the loan was documented by the note and the amended note, that the petitioner's husband received a stream of income from the loan by way of the monthly payments, and that the note provided a significantly greater rate of return than the one or two percent interest rate that the petitioner's husband could have obtained from a bank at the time. In addition, there was evidence at the fair hearing that some of the petitioner's assets had previously been loaned to her family members and that those loans were fully repaid. Moreover, the letter from the petitioner's physician supported her claim that she was in good health at the time of the loan, and that she only required Medicaid after she fell and broke her hip. Furthermore, the petitioner's grandson and his wife averred that they were unable to immediately repay the entire loan because they used the loaned sum to renovate their home.

Accordingly, under the particular circumstances of this case, we grant the petition insofar as asserted against the DOH, and direct the DOH to provide the petitioner with retroactive Medicaid benefits for a period of 14.058 months. Leventhal, J.P., Hall, Cohen and Maltese, JJ., concur.