■ In the Matter of CECELIA SANDOVAL, Petitioner, v NIRAV R. SHAH, M.D., et al., Respondents. [17 NYS3d 450]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated August 13, 2013, which, after a fair hearing, affirmed a determination of the Putnam County Department of Social Services that the petitioner was not eligible for Medicaid assistance for a period of approximately 11 months and imposed an additional partial month penalty due to a transfer of certain of the petitioner's assets for less than fair market value.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the respondents are directed to provide the petitioner with retroactive Medicaid benefits for a period of approximately 11 months, and the matter is remitted to the respondent Commissioner of the New York State Department of Health for a calculation of the amount of retroactive benefits due and owing and for the payment immediately thereafter to the petitioner.

On May 7, 2007, June 20, 2007, and April 7, 2008, the petitioner made three transfers of money totaling $82,000 to her daughter and son. The petitioner gave her daughter $15,000 to help her pay for a lease on a car and $62,500 to pay off a mortgage on a home that the petitioner co-owned with her daughter and son-in-law, and gave her son $5,000 to help pay for the cost of her granddaughter's trip to Europe. The petitioner was 72 years old on the date of the first transfer, and 73 years old on the dates of the latter two transfers. In July 2010, the petitioner was placed in an assisted living facility after having, several months earlier, exhibited signs of dementia. In November 2010, the petitioner had a nervous breakdown and was placed in a psychiatric facility for several weeks, and then in a nursing home facility. After eight or nine months in the nursing home facility, the petitioner had depleted her remaining assets, which had totaled $250,000 in July 2010, and she applied for Medicaid assistance. The Putnam County Department of Social Services (hereinafter the Putnam County DSS) accepted the petitioner's application but imposed an 11-month penalty period plus an additional partial month penalty, thereby denying her of benefits through January 2013, finding that the three transfers were motivated, in part if not in whole, by anticipation of a future need to qualify for medical assistance. Following a fair hearing, the New York State Department of Health (hereinafter the DOH) affirmed the determination of the Putnam County DSS.

In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record as a whole to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law (*see Matter of Rivera v Blass*, 127 AD3d 759 [2015]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). While the level of proof is less than a preponderance of the evidence, substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor (*see id.* at 180), or from the absence of evidence supporting a contrary conclusion (*see Matter of Harrison v Palumbo*, 122 AD3d 634, 635 [2014]). When determining Medicaid eligibility, an agency is required to "look back" for a period of 60 months immediately preceding the first date the applicant was both "institutionalized" and had applied for Medicaid benefits to determine if any asset transfers were uncompensated or made for less than fair market value (42 USC § 1396p [c] [1] [A], [B]; Social Services Law § 366 [5] [e] [1] [vi]). If such a transfer was

made during that period, the applicant may become ineligible for Medicaid benefits for a specified period of time (*see* 42 USC § 1396p [c] [1] [A], [E]; Social Services Law § 366 [5] [e] [3]), unless there is a "satisfactory showing" that, inter alia, the assets were transferred exclusively for a purpose other than to qualify for medical assistance (42 USC § 1396p [c] [2] [C] [i], [iii]; Social Services Law § 366 [5] [e] [4] [iii]). It is the petitioner's burden to rebut the presumption that the transfer of funds was motivated, in part if not in whole, by anticipation of a future need to qualify for medical assistance (*see Matter of Rivera v Blass*, 127 AD3d at 759).

Here, the evidence at the fair hearing showed that the latest of the subject transfers was made approximately two years before the petitioner started to exhibit signs of dementia. At the time of the transfers and in the years preceding her need for nursing home care, the petitioner was in good health and living independently. She was driving, cooking, exercising, and paying her own bills. The transfers themselves constituted gifts to her relatives, and the petitioner still had more than $250,000, not including Social Security benefits, following the transfers. Under these circumstances, the petitioner met her burden of rebutting the presumption that the subject transfers were motivated by the anticipation of a future need to qualify for medical assistance (*see Matter of Safran v Shah*, 119 AD3d 590, 591 [2014]; *Albert v Perales*, 156 AD2d 619 [1989]; *cf. Matter of Carter v Brandwein*, 182 AD2d 620 [1992]). As those transfers do not render the petitioner ineligible for Medicaid benefits, the determination of the DOH is not supported by substantial evidence and, thus, must be annulled. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.