# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**304**

**CA 15-00824**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF LAURA DORFMAN, ROSS JOHN, NEW
DIRECTIONS YOUTH AND FAMILY SERVICES, INC., AND
MAXINE JIMERSON, PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CITY OF SALAMANCA BOARD OF PUBLIC UTILITIES,
COMMISSION OF CITY OF SALAMANCA BOARD OF PUBLIC
UTILITIES, WILLIAM LABUHN, CHAIRMAN OF CITY OF
SALAMANCA BOARD OF PUBLIC UTILITIES AND AS
COMMISSIONER OF THE COMMISSION OF CITY OF
SALAMANCA BOARD OF PUBLIC UTILITIES, JANET KOCH,
VICE-CHAIRMAN OF CITY OF SALAMANCA BOARD OF
PUBLIC UTILITIES AND AS COMMISSIONER OF THE
COMMISSION OF CITY OF SALAMANCA BOARD OF PUBLIC
UTILITIES, LANCE HOAG, COMMISSIONER OF THE
COMMISSION OF CITY OF SALAMANCA BOARD OF PUBLIC
UTILITIES, ANTHONY PROCACCI, COMMISSIONER OF THE
COMMISSION OF CITY OF SALAMANCA BOARD OF PUBLIC
UTILITIES, KEITH KING, GENERAL MANAGER OF CITY OF
SALAMANCA BOARD OF PUBLIC UTILITIES, AND CITY OF
SALAMANCA, RESPONDENTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF
COUNSEL), FOR PETITIONER-RESPONDENT ROSS JOHN.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Cattaraugus County (Michael L. Nenno, A.J.), entered July 15, 2014 in
a proceeding pursuant to CPLR article 78. The judgment granted the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the second decretal
paragraph and as modified the judgment is affirmed without costs.

Memorandum: Respondents appeal from a judgment granting that
part of the petition pursuant to CPLR article 78 seeking a judgment
annulling the determination of respondent Commission of City of
Salamanca Board of Public Utilities (Commission) that doubled the
rates charged for water for consumers with a one-inch or larger water
meter in order to raise revenue necessary to meet the obligation of

respondent City of Salamanca Board of Public Utilities (BPU) to make bond payments for the $3.4 million upgrades to the potable water storage system (*see generally* General Municipal Law §§ 402, 412).

Although we conclude that Supreme Court properly annulled the Commission's determination, we disagree with the court that the Commission improperly treated water meter owners differently based upon the size of the water meters. We therefore modify the judgment by vacating the second decretal paragraph, which directed the BPU to refund monthly charges exceeding $20 or "related pricing . . . for meters 1″ and above" and to "restructure any price increases for all meters . . . in a fair and equal manner." It is an "elemental proposition that an administrative [determination] will be upheld only if it has a rational basis, and is not unreasonable, arbitrary or capricious" (*New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166). "When there is a rational basis in the record to support the findings upon which the administrative determination is predicated, the courts have no alternative but to confirm the determination" (*Matter of Moore v Fiori*, 202 AD2d 1007, 1007). Although we agree with respondents that the size of the water meter is a rational basis upon which to determine the charge for water, we conclude that, because the record is silent with respect to facts supporting the Commission's determination to double the rates charged for water for those consumers who have a one-inch or larger meter, i.e., approximately 3% of the consumers, the determination lacks a rational basis (*cf. Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038-1039; *see generally Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 92-94). Indeed, "[t]he record is devoid of proof in support of the [Commission's] determination," and the court therefore properly annulled it (*Matter of Saviola v Toia*, 63 AD2d 849, 850).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court