In the Matter of CHERYL A. COLLINS, as Executor of LORRAINE KNAPP, Deceased, Petitioner, v HOWARD ZUCKER, as Commissioner of Health, et al., Respondents. [41 NYS3d 783]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Department of Health finding Lorraine Knapp ineligible for Medicaid benefits for a certain period of time.

Lorraine Knapp (hereinafter decedent), then in her early 90s and living in her own home, made three transfers of funds in the total sum of $26,000 to petitioner, decedent's daughter, in 2009 and 2010. Decedent retained approximately $200,000 in assets following these transfers. In 2011, she broke her right femur and moved to an assisted living facility. Later that year, she fractured her pelvis and entered a nursing home for what was originally expected to be a temporary stay for rehabilitation; however, she developed medical complications and

remained there. Decedent paid for her care and treatment with her own assets until they were exhausted in June 2012, and then she applied for Medicaid. The Saratoga County Department of Social Services approved the application, but imposed a penalty period of 3.04 months based upon its determination that decedent had transferred $26,000 to petitioner without compensation within the look-back period of Social Services Law § 366 (5) (e) (3). Following a hearing, the Department of Health (hereinafter DOH) affirmed the determination, and decedent's subsequent request for reconsideration was denied. Decedent commenced this CPLR article 78 proceeding against respondents Commissioner of Health, Commissioner of the Office of Temporary Disability Insurance and Commissioner of Social Services of Saratoga County, and Supreme Court transferred it to this Court.[1]

"In reviewing a Medicaid eligibility determination rendered after a hearing, this Court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (*Matter of Mallery v Shah*, 93 AD3d 936, 937 [2012] [internal quotation marks and citations omitted]; *accord Matter of Whittier Health Servs., Inc. v Pospesel*, 133 AD3d 1176, 1177 [2015]). When assets have been transferred for less than fair market value within the 60-month look-back period preceding an application for Medicaid, the applicant will be found to be ineligible for assistance for a time period commensurate with the amount of the transfer unless he or she meets the burden to "rebut the presumption that the transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance" (*Matter of Mallery v Shah*, 93 AD3d at 937 [internal quotation marks and citations omitted]; *see* Social Services Law § 366 [5] [e] [3]). As pertinent here, the presumption may be rebutted by a showing that "the assets were transferred exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [e] [4] [iii] [B]).

Petitioner testified that the purpose of decedent's transfers was to assist in purchasing and repairing a house for the use of decedent's grandson, a Marine Corps veteran with young children and a service-connected disability.[2,3] As the grandson

---

1. Petitioner's motion for substitution was granted after decedent died in July 2016.

2. The grandson's disability was proven by record evidence.

3. Decedent appeared at the hearing and testified that she could no longer remember the events at issue, but trusted petitioner to remember them accurately. A statement from decedent's physician that she was mentally competent at the time of the transfers was also submitted into evidence.

could not qualify for a mortgage, petitioner and her husband took out a home equity loan on their residence to finance the transaction, and, in 2009, decedent contributed $10,000 toward the purchase. Thereafter, in 2010, decedent contributed $15,000 to finance repairs to the home.[4] Petitioner submitted documentation, including the deed and mortgage for the house and receipts for the repairs that were both consistent with this testimony, and also demonstrated that the home repairs cost substantially more than the amount contributed by decedent. Petitioner testified that decedent retained approximately $200,000 in assets after the transfers, in the form of an annuity account, a brokerage account and a trust from which she received a monthly income. Petitioner further stated that decedent was not familiar with the Medicaid look-back rules and had not engaged in any Medicaid-related estate planning.

As for decedent's health, petitioner's testimony and the medical records establish that she suffered from various chronic health conditions, including osteoporosis, and that she used a cane or walker to assist in mobility. However, at the time of the transfers, she was able to live at home, with some assistance from family members and a part-time care provider. Although she suffered falls in 2009 and 2010, she did not sustain significant injuries until her falls in 2011 and the resulting medical complications that ultimately led to her nursing home placement.

DOH noted that the transfers were made two to three years before the Medicaid application and that decedent retained most of her assets following the transfers, but it deemed these factors not to be dispositive in view of its additional conclusions. Upon review, however, we find that these additional conclusions lack substantial support in the record. First, the finding that the purpose of decedent's transfers was not as a gift to her grandson but was instead intended "to help [petitioner] purchase real property for whatever purpose she intended" lacks any record support. Petitioner's testimony that decedent specifically intended the transfers to assist in the purchase and repair of a house for the grandson was substantiated and uncontradicted, and DOH did not find this testimony incredible. On the contrary, the DOH determination stated that the facts were "not in dispute" and that "the record establishes that . . . [decedent made the transfers] in order for [petitioner] to purchase and repair a house for [the grandson's] use."

---

4. The third transfer, in the sum of $1,000, was used to purchase birthday and holiday gifts for decedent's grandchildren.

As for DOH's determination that the change in decedent's condition was gradual and foreseeable such that "nursing home placement was a distinct possibility at the time [of the transfers]," we note that the relevant standard is not whether decedent could or should have foreseen that nursing home placement might eventually become necessary, but whether she made the requisite showing that the transfers were made "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [e] [4] [iii] [B]). The fact that a future need for nursing home care may be foreseeable for a person of advanced age with chronic medical conditions is not dispositive of the question whether a transfer by such a person was made for the purpose of qualifying for such assistance where, as here, that inference is based solely upon speculation and the other evidence indicates otherwise (*compare Matter of Loiacono v Demarzo*, 72 AD3d 969, 970 [2010]; *Matter of Javeline v Whalen*, 291 AD2d 497, 497 [2002]). "[S]ubstantial evidence does not arise from bare surmise, conjecture, speculation, or rumor, or from the absence of evidence supporting a contrary conclusion" (*Matter of Rivera v Blass*, 127 AD3d 759, 762 [2015] [citations omitted]; *accord Matter of Sandoval v Shah*, 131 AD3d 1254, 1255 [2015]).

Considering the medical evidence in light of the substantiated testimony that the transfers were made for the purpose of assisting in the purchase of a home for the grandson's use, as well as the evidence that the transfers took place several years before decedent applied for assistance and that she retained most of her assets thereafter, we find that the presumption was successfully rebutted. The determination by DOH was not supported by substantial evidence and must be annulled (*see Matter of Sandoval v Shah*, 131 AD3d at 1256; *Matter of Rivera v Blass*, 127 AD3d at 762-763; *see also Matter of Whittier Health Servs., Inc. v Pospesel*, 133 AD3d at 1178).

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, respondents are directed to provide petitioner with retroactive Medicaid benefits for a period of 3.04 months, and matter remitted to respondent Commissioner of Health for calculation of the amount due and payment of that amount to petitioner.